**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA )
for the use and benefit of )
PHOENIX BUILDING GROUP INC. )
through itself and its assignee )
CAPITAL CITY BANK )
)
Plaintiff, )
)
vs. ) Case No. 12-2053-EFM-JPO
)
HANOVER INSURANCE COMPANY, *et al.* )
)
Defendants. )

**STIPULATED PROTECTIVE ORDER**

The parties to this action, by and through their counsel of record, hereby stipulate to the following provisions for the protection of confidential information and/or proprietary information produced in discovery. Pursuant to Fed.R.Civ.Pro. 26(c)(1)(B), (E), (F) and (G), the parties seek an order mandating adherence to the following:

WHEREUPON, the parties advise the Court that they will exchange information and requests for information (through formats that include depositions, requests for admission, interrogatories and requests for production) that include proprietary, trade secret and otherwise confidential information concerning customers and projects at issue in the litigation. The parties submit that there should be limited disclosure of such information and that the Court should issue a Protective Order prohibiting disclosure of certain information with such information not to be disclosed to any person not specifically authorized by this Protective Order. After receiving the statements of counsel and determining that the information to be exchanged contains confidential information, the Court finds that a Protective Order should issue.

IT IS HEREBY STIPULATED AND ORDERED THAT:

1. The purpose of this Order is to facilitate the production and exchange among the parties of documents and other information concerning this lawsuit while protecting the trade secrets and confidential information of the parties to this lawsuit. All documents and information produced in this action and marked pursuant to this Order, including but not limited to initial disclosures, responses to requests for production of documents, responses to requests for admissions, answers to interrogatories, deposition testimony, or any other proceeding undertaken in the course of this litigation, shall be subject to the provisions of this Order, subject to any subsequent Order of the Court.

2. This Order shall be without prejudice to the right of any Party:

a. to have determined by motion, at any time, whether any information has been improperly designated as either "CONFIDENTIAL," "CONFIDENTIAL TRADE SECRET" (hereinafter "TRADE SECRET"), or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "ATTORNEY'S EYES ONLY") as those terms are used herein. In any such motion, the party challenging the assertion of confidentiality, trade secret or attorney's-eyes only status shall have the burden of establishing the inapplicability of same; and

b. to apply to the Court for relief from any requirements hereof, for good cause.

3. Designations. Designations shall be made by the producing party with the appropriate legend on the produced documents, under the appropriate category, or through a verbal or written designation in the responsive answer or response. Electronic documents and information may also be designated by separately imaging them onto a CD or DVD and labeling the CD or DVD containing those documents or other information with the appropriate legend.

a. Information supplied without any designation shall be deemed to be outside of the protections of this Order and available for general use, except as modified or subsequently designated. Subsequent designations

shall only serve to cause the information to have protections under this Order first beginning no earlier than the date of designation.

b. To be designated "CONFIDENTIAL," the information sought to be protected by this designation must be such that a party to the litigation would not desire the general public to have access to or general knowledge of the contents of the information, whether individually or in combination with other information. "CONFIDENTIAL" information shall be available only to "qualified persons" as defined in Paragraph 4.

c. To be designated "CONFIDENTIAL TRADE SECRET" (also referred to as "TRADE SECRET"), the information sought to be protected by this designation must be information that derives some independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure and use, and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. "TRADE SECRET" information shall be available only to "qualified persons" as defined in Paragraph 4.

d. To be designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (also referred to as "ATTORNEY'S EYES ONLY") the information sought to be protected by this designation must have such sensitivity to the designating party, that revealing it to the opposing party may cause substantial harm to the party so designating by revelation of protected work product, trade secrets, or confidential information. The designating party must specify the subset of documents or other information within larger groupings of documents or information that are attorney's eyes only, and may not blanket designate documents or information as attorney's eyes only unless each document or separate piece of information so identified is, in good faith, considered to be actually worthy of the attorney's eyes only designation. The designating party will provide a good-faith statement of the reasons for designation of documents as "ATTORNEY'S EYES ONLY" rather than being designated in a less restrictive category. When necessary, a party shall designate as attorney's eyes only such parts of documents or such information that are so sensitive they may harm the party if disclosed, and redact only such portion as may fit within this designation, leaving the rest of such documents or information redacted and designated as "confidential" or "trade secret." "ATTORNEY'S EYES ONLY" information shall be available only to "qualified attorneys and staff" as defined in Paragraph 4.

4. Availability of information.

a. Except for use by the producing party in the course of their business,

"CONFIDENTIAL," "TRADE SECRET," or "ATTORNEY'S EYES ONLY" information shall be used only in the preparation for trial and trial of this action, or appeal therefrom, and shall not be used for any other purpose.

b. "Qualified person" shall mean:

i) The parties;

ii) The Court and court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action, including deposition reporters and their transcribers. In the instance of deposition reporters and their transcribers, the party issuing the notice for deposition shall obtain a Written Assurance from said person in the form attached hereto as Exhibit "A" prior to disclosing confidential information in the presence of such person. The designated portions of the deposition shall not be disclosed by such reporter except to the attorneys for the parties and any other person who is present while such testimony is being given and shall further agree that copies of that portion of any transcript, reporter's notes, or any other transcription record of such testimony shall be subject to this Order and not delivered to anyone other than the attorneys for the parties, or to the Court for filing under seal;

iii) Outside counsel for the parties, including all partners, members and associate attorneys of such counsel's law firms, all clerks, paralegal assistants, stenographic, clerical and other employees thereof when operating under the direct or indirect supervision of such partners, members, or associate attorneys, and firms they may have retained to provide litigation support services and employees of said firms;

iv) Independent experts or consultants retained solely in connection with the trial preparation and/or presentation of this case. For such an expert or consultant to be qualified to receive "CONFIDENTIAL" or "TRADE SECRET" information, counsel for the party retaining such person shall obtain a Written Assurance from said person in the form attached hereto as Exhibit "A" prior to disclosing confidential information to such person or within ten (10) days of the entry of this Order, whichever is later;

v) Nonparty witnesses at depositions or hearings, provided counsel issuing the notice or deposition or calling the witness at the hearing and/or trial shall obtain a Written Assurance from said

person in the form attached hereto as Exhibit "A" prior to disclosing confidential information to such person.

c. "Qualified attorneys and staff" shall mean:

i) The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action, including deposition reporters and their transcribers. In the instance of deposition reporters and their transcribers, the party issuing the notice for deposition shall obtain a Written Assurance from said person in the form attached hereto as Exhibit "A" prior to disclosing confidential information in the presence of such person. The designated portions of the deposition shall not be disclosed by such reporter except to the attorneys for the parties and any other person who is present while such testimony is being given and shall further agree that copies of that portion of any transcript, reporter's notes, or any other transcription record of such testimony shall be subject to this Order and not delivered to anyone other than the attorneys for the parties, or to the Court for filing under seal;

ii) Outside counsel for the parties, including all partners, members and associate attorneys of such counsel's law firms, all clerks, paralegal assistants, stenographic, clerical and other employees thereof when operating under the direct or indirect supervision of such partners, members, or associate attorneys, and firms they may have retained to provide litigation support services and employees of said firms;

iii) Independent experts or consultants who are retained solely in connection with the trial preparation and/or presentation of this case. Counsel for the party retaining such expert or consultant shall obtain a Written Assurance from said person in the form attached hereto as Exhibit A prior to disclosing "ATTORNEY'S EYES ONLY" information to such person or within ten (10) days of the entry of this Order, whichever is later.

iv) Under no circumstances shall documents marked "ATTORNEY'S EYES ONLY" be provided to opposing parties or competitors of the party producing the material without the prior written consent of the parties producing said documents. Counsel may discuss with their clients in general terms the significance of such documents without disclosing particular numbers, calculations, or detailed information.

d. Except as otherwise specified in this Paragraph, any information designated under this Order shall not be disclosed to other persons without advance notice to the other parties of the intent to make such disclosure. Any notice of the intent to disclose such information shall include the

identity of the document or information involved and the identity of the person to whom the disclosure will be made. The parties shall have fourteen (14) days from the date of that notice to object to the disclosure and submit the issue to this Court for review. If a party objects to the disclosure, no disclosure shall be made until authorized by this Court.

5. Additional rules regarding depositions. If a "CONFIDENTIAL," "TRADE SECRET," or "ATTORNEY'S EYES ONLY" document or information is used in a deposition, the party who has designated the document or information as "CONFIDENTIAL," "TRADE SECRET," or "ATTORNEY'S EYES ONLY" may identify any discussion of the document or such information in the deposition transcript as "CONFIDENTIAL," "TRADE SECRET," or "ATTORNEY'S EYES ONLY" within ten (10) days of receipt of the deposition transcript.

6. Under no circumstances does the use of a "CONFIDENTIAL," "TRADE SECRET," or "ATTORNEY'S EYES ONLY" document or information, in a deposition or any other proceeding or filing with the Court, waive the document's or information's confidentiality, trade secret or attorney's eyes only designation or substance. Whenever any document or information designated as "CONFIDENTIAL," "TRADE SECRET," or "ATTORNEY'S EYES ONLY" or any filing containing "CONFIDENTIAL," "TRADE SECRET," or "ATTORNEY'S EYES ONLY" information is filed with the Court, the party seeking to file such confidential information must first file a motion with the Court and be granted leave to file the particular document under seal. The party seeking to file any document or information under seal shall comply with the administrative requirements for the filing of such motions electronically. Whenever any documents or information designated as "CONFIDENTIAL," "TRADE SECRET," or "ATTORNEY'S EYES ONLY" are to be used in any court proceeding, the party intending to use such documents or information shall advise the Court to allow the Court to take appropriate steps to preserve the level of confidentiality of such documents or information, such

as sealing them in an envelope and keeping them apart from all other evidence and file materials following the proceeding at which they are offered.

7. Disclosure of documents or information under the terms of this Order shall not constitute a waiver of any other privilege claimed by the party producing the confidential information.

8. This Order governs only pretrial discovery in this case. Upon conclusion of discovery and prior to trial of this matter, the Parties hereto shall review all documents and information under the terms of this Order and shall seek to identify those items which will be used as evidence at trial. The Parties shall also seek to determine whether any information designated under this Order is to retain such designation during the trial of the case. If agreement cannot be reached as to any particular item, then any Party may move the Court for an order lifting the designation of that item for purposes of disclosure during trial. This Court may enter a separate order related to confidentiality of information received in evidence at trial in the form of either testimony or exhibits. Nothing herein should be interpreted as a waiver of any objection to the admissibility at trial of any document produced hereunder. The parties agree that the production of a document in discovery does not render that document admissible at trial, and the determination of trial admissibility must be made according to the applicable rules of evidence.

9. The Parties will do nothing to cause the confidential, trade secret or attorney's eyes only documents or any of the protected information contained therein to become entered into the public domain.

10. Upon final termination of this litigation, each party, attorney, expert, or other person subject to the terms of this Order, with the exception of the Clerk of the Court, shall be under obligation to return to the producing party all documents and information designated as

"CONFIDENTIAL," "TRADE SECRET," or "ATTORNEY'S EYES ONLY" and all copies thereof within ninety (90) days after such final termination, or in the alternative, to certify in writing that all documents and information designated "CONFIDENTIAL," "TRADE SECRET," or "ATTORNEY'S EYES ONLY" have been destroyed.

11. The terms of this Order shall survive the conclusion of this case and shall remain in full force and effect. Violation by any person of any terms of this Protective Order may be punishable as contempt of Court and all persons who have signed the Affidavit referred to herein agree to submit to the jurisdiction of the Federal District Court for the District of Kansas for all hearings relative to enforcement of this Order.

12. The parties stipulate to entry of this Protective Order without hearing or argument.

Dated May 10, 2012, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

IT IS HEREBY STIPULATED:

**STEVENS & BRAND, LLP**

By /s/ Christopher F. Burger

Christopher F. Burger KS #16056
900 Massachusetts, Suite 500
Lawrence, Kansas 66044
(785) 856-6528
Fax: 785/843-0341
cburger@stevensbrand.com
*Attorney for Plaintiffs Capital City Bank and Phoenix Building Group, Inc.*

and

**LEVY CRAIG LAW FIRM**
A PROFESSIONAL CORPORATION

By /s/ Ryan C. Westhoff

Lawrence Lerner KS #24376
Ryan C. Westhoff KS #23952
1301 Oak Street
Kansas City, Missouri 64106
(816) 474-8181
Fax: 816/382-6606
llerner@levycraig.com
rwesthoff@levycraig.com
*Attorneys for Defendant Hanover Insurance Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA )
for the use and benefit of )
PHOENIX BUILDING GROUP INC. )
through itself and its assignee )
CAPITAL CITY BANK )
)
Plaintiff, )
)
vs. ) Case No. 12-2053-EFM-JPO
)
HANOVER INSURANCE COMPANY, *et al.* )
)
Defendants. )

I, ______________________, currently employed by __________________________
(Full name) (Current Employer)
as an _____________________________, have been retained as an expert or consultant on
(Occupation or position)
behalf of _________________________. I have reviewed the Protective Order
(Party)
entered in this case. I understand its terms and agree to fully abide by the limitations as set out therein. I hereby swear or affirm that I am not a competitor, nor am I employed by a competitor, of any party whose confidential information may be disclosed to me in this matter.

By_______________________________________
(Signature)

_______________________________________
Name (Printed)

Subscribed and sworn to before me, a Notary Public, this ______ day of _____________, 2011.

_______________________________________
Notary Public

My Commission Expires:

____________________